6816

## THACKSTON v. GOODWIN, SUPERVISOR.

RAILROAD AID BONDS.—County Commissioners may issue bonds for refunding or paying railroad aid bonds without special act of the General Assembly and without submitting the question to an election, and whether the railroad stock issued for the bonds in the first instance is now null and void or not.

Petition by W. J. Thackston against J. P. Goodwin, supervisor of Greenville County, alleging that the supervisor has issued, under the act of the Assembly, thirty-five thousand dollars' worth of bonds, know as the Atlanta and Richmond Air Line Railway bonds, and five thousand five hundred dollars' worth of bonds known as the Greenville and Laurens Railway bonds, for purpose of refunding the said respective amounts of bonds maturing in 1907; that the said supervisor is now about to sell the same, and they are illegal and invalid because: (1) There is no record to show that an election was held at the time of the issuance of the original bonds; and (2) the stock issued to said county by the railroad corporation in lien of the bonds has, by the course of events, been rendered null and void.

The supervisor admits that there is no record to show that an election was held at the time of the issuance of the original bonds, but alleges that an election was duly held, and resulted in favor of the issuance of the bonds, and after stating the legislation upon which the original issue was based, says:

"Defendant further alleges, upon information and belief, that the board of county commissioners for said county are authorized and empowered, under Sections 2015, 2016 and 2020, Volume I, Code of Laws of South Carolina, 1902, to issue and sell negotiable coupon bonds from time to time and in such amounts as shall be proper for the purpose of refunding or paying the whole or any part of the county's bonded indebtedness existing at the time of the adoption of the present Constitution, whether the same has matured or not, without a special act of the General Assembly, and without submitting the question as to the creation of such bonded indebtedness to the qualified electors of said county; that the new bonds now proposed to be issued and sold by the county board of commissioners for Greenville County are for the purpose of refunding or paying a part of the bonded indebtedness of said county, which existed at the

time of the adoption of the present Constitution and which matured at the time hereinbefore stated."

*Messrs. Cothran, Dean & Cothran,* for petitioner.

*Mr. Oscar Hodges,* contra.

March 20, 1908. PER CURIAM. After careful consideration of the questions presented by the pleadings herein, this Court is satisfied that no sufficient grounds exist for granting the injunction and that the petition should be dismissed for the reasons set forth in the return.

It is, therefore, the judgment of this Court, that the petition be dismissed.